IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACI DUVALL HUMES<br>604 James Ridge Rd.<br>Bowie, MD 20721<br><br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br>290 West Mount Pleasant Avenue<br>Livingston, NJ 0739<br><br>SERVE:   Insurance Commissioner<br>            District of Columbia<br>            Administration Division<br>            801 1st St., NW, Ste. 701<br>            Washington, DC 20002<br><br>and<br><br>FOLEY HOAG, & ELIOT LLP<br>EMPLOYEE WELFARE PLAN<br><br>SERVE:   Holly Evers<br>            Human Resources<br>            Foley Hoag & Eliot LLP<br>            One Post Office Square<br>            Boston, MA 02109<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

1.    Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

2.    This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

1

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants do business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4. This is an action pursuant to 29 U.S.C. 501(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

## Parties

5. Plaintiff is an adult resident of Bowie, Maryland.

6. Plaintiff was a plan participant under a group benefits plan established by Foley Hoag & Eliot, Inc. (Hereinafter, "Foley Hoag") as part of her employment.

7. Foley Hoag contracted with the Prudential Insurance Company of America (Hereinafter, "Prudential") to act as the insurer for the plan.

## The Disability Contract

8. Prudential has made all of the decisions regarding plaintiff's claim for disability benefits in this case.

9. The plan promises to pay benefits if an employee is disabled.

10. Pertinent plan definitions include the following:

2

Your are disabled when Prudential determines that:

- you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and

- you have a 20% or more loss in your **indexed monthly earnings** due to that **sickness** or **injury**.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week. Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

**Regular occupation** means the occupation you are routinely performing when you disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Plaintiff's Disability Claim**

11.  Plaintiff suffers from fibromyalgia, chronic fatigue syndrome, vestibular disorder, pituitary tumor, among other illnesses.

12.  Plaintiff was an employee at Foley Hoag in the capacity of an associate attorney in their Washington, DC office at the time when she became disabled on January 21, 2002.

13.  Plaintiff was denied disability benefits by Prudential on August 27, 2003.

3

14. Plaintiff timely appealed her denial which was received by Prudential on December 12, 2003,

15. Prudential again denied the claim on January 8, 2004 at which time Plaintiff was offered a voluntary appeal of her denial.

16. Plaintiff timely appealed her denial with the assistance of counsel on January 24, 2004.

17. On August 27, 2004, Prudential determined that Plaintiff was eligible for long term benefits from May 24, 2003 through August 31, 2004 and denying all subsequent benefits.

18. Plaintiff timely appealed her benefits denial through counsel on February 18, 2005.

19. On July 13, 2005, Prudential denied benefits again, but on this occasion stated that
the level of review was the "final" level of review in violation of its own internal guidelines.

20. The "final" denial contained new medical review reporting never presented to Plaintiff so as to prevent her ability to respond.

21. Plaintiff through counsel filed additional responsive materials including a copy an internal memorandum from Prudential stating the review guidelines for claims denials which stated that another review was available following a claim denial.

22. Prudential refused to consider the materials submitted.

23. At this point, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

4

24. Plaintiff is entitled to these benefits under the plan since she has:

    A. Satisfied all conditions to be eligible under the plan; and

    B. Has not waived or otherwise relinquished his entitlement to these benefits.

25. Prior to appealing all claim denials, Plaintiff's counsel sent a request for documentation to both defendants which required production of the claims file in addition to all summary plan documents, governing claims manual provisions or claims handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

26. Both defendants failed to produce certain documentation requested on all occasions.

## Requested Relief

27. Plaintiff requests that this court review the denial of benefits in this case and declare that she is entitled to all benefits under the policy including payment of all back benefits with interest.

24. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

25. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of the failure of defendants to produce the documents requested.

26. Any such other relief the Court may deem just and proper.

        Respectfully submitted,

        _____
        Scott B. Elkind, Bar 43881
        Elkind & Shea
        801 Roeder Rd., Ste. 550
        Silver Spring, MD 20910
        P: (301) 495-6665
        F: (301) 565-5111
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACI DUVALL HUMES<br>604 James Ridge Rd.<br>Bowie, MD 20721<br><br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br>290 West Mount Pleasant Avenue<br>Livingston, NJ 0739<br><br>SERVE:    Insurance Commissioner<br>        District of Columbia<br>        Administration Division<br>        801 1st St., NW, Ste. 701<br>        Washington, DC 20002<br><br>and<br><br>FOLEY HOAG, & ELIOT LLP<br>EMPLOYEE WELFARE PLAN<br><br>SERVE:    Holly Evers<br>        Human Resources<br>        Foley Hoag & Eliot LLP<br>        One Post Office Square<br>        Boston, MA 02109<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

1.    Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

2.    This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

1

3.      Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants do business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4.      This is an action pursuant to 29 U.S.C. 501(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

### Parties

5.      Plaintiff is an adult resident of Bowie, Maryland.

6.      Plaintiff was a plan participant under a group benefits plan established by Foley Hoag & Eliot, Inc. (Hereinafter, "Foley Hoag") as part of her employment.

7.      Foley Hoag contracted with the Prudential Insurance Company of America (Hereinafter, "Prudential") to act as the insurer for the plan.

### The Disability Contract

8.      Prudential has made all of the decisions regarding plaintiff's claim for disability benefits in this case.

9.      The plan promises to pay benefits if an employee is disabled.

10.     Pertinent plan definitions include the following:

> Your are disabled when Prudential determines that:
>
> - you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
>
> - you have a 20% or more loss in your **indexed monthly earnings** due to that **sickness** or **injury**.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.
>
> **Material and substantial duties** means duties that:
>
> - are normally required for the performance of your regular occupation; and
> - cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week. Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.
>
> **Regular occupation** means the occupation you are routinely performing when you disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.
>
> **Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Plaintiff's Disability Claim**

11.     Plaintiff suffers from fibromyalgia, chronic fatigue syndrome, vestibular disorder, pituitary tumor, among other illnesses.

12.     Plaintiff was an employee at Foley Hoag in the capacity of an associate attorney in their Washington, DC office at the time when she became disabled on January 21, 2002.

13.     Plaintiff was denied disability benefits by Prudential on August 27, 2003.

3

14. Plaintiff timely appealed her denial which was received by Prudential on December 12, 2003,

15. Prudential again denied the claim on January 8, 2004 at which time Plaintiff was offered a voluntary appeal of her denial.

16. Plaintiff timely appealed her denial with the assistance of counsel on January 24, 2004.

17. On August 27, 2004, Prudential determined that Plaintiff was eligible for long term benefits from May 24, 2003 through August 31, 2004 and denying all subsequent benefits.

18. Plaintiff timely appealed her benefits denial through counsel on February 18, 2005.

19. On July 13, 2005, Prudential denied benefits again, but on this occasion stated that
the level of review was the "final" level of review in violation of its own internal guidelines.

20. The "final" denial contained new medical review reporting never presented to Plaintiff so as to prevent her ability to respond.

21. Plaintiff through counsel filed additional responsive materials including a copy an internal memorandum from Prudential stating the review guidelines for claims denials which stated that another review was available following a claim denial.

22. Prudential refused to consider the materials submitted.

23. At this point, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

4

24. Plaintiff is entitled to these benefits under the plan since she has:

    A. Satisfied all conditions to be eligible under the plan; and

    B. Has not waived or otherwise relinquished his entitlement to these benefits.

25. Prior to appealing all claim denials, Plaintiff's counsel sent a request for documentation to both defendants which required production of the claims file in addition to all summary plan documents, governing claims manual provisions or claims handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

26. Both defendants failed to produce certain documentation requested on all occasions.

## Requested Relief

27. Plaintiff requests that this court review the denial of benefits in this case and declare that she is entitled to all benefits under the policy including payment of all back benefits with interest.

24. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

25. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of the failure of defendants to produce the documents requested.

26. Any such other relief the Court may deem just and proper.


        Respectfully submitted,

        _____
        Scott B. Elkind, Bar 43881
        Elkind & Shea
        801 Roeder Rd., Ste. 550
        Silver Spring, MD 20910
        P: (301) 495-6665
        F: (301) 565-5111
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRACI DUVALL HUMES<br>604 James Ridge Rd.<br>Bowie, MD 20721<br><br>    Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA,<br>290 West Mount Pleasant Avenue<br>Livingston, NJ 0739<br><br>SERVE:    Insurance Commissioner<br>            District of Columbia<br>            Administration Division<br>            801 1st St., NW, Ste. 701<br>            Washington, DC 20002<br><br>and<br><br>FOLEY HOAG, & ELIOT LLP<br>EMPLOYEE WELFARE PLAN<br><br>SERVE:    Holly Evers<br>            Human Resources<br>            Foley Hoag & Eliot LLP<br>            One Post Office Square<br>            Boston, MA 02109<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT**

    1.    Plaintiff seeks relief under ERISA, 29 U.S.C. § 1001, et seq., specifically ERISA §502, 29 U.S.C. § 1132.

    2.    This court has jurisdiction pursuant over the issues raised herein pursuant to ERISA §502, 29 U.S.C. §1132(e)(1) and 28 U.S.C.§ 1131 (Federal Question).

1

3. Venue is appropriate under 29 U.S.C. §1132(e)(2) in that Defendants do business in the District of Columbia so as to have sufficient contacts pursuant to *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 90, 90 L.Ed. 95 (1945) in order to confer in personam jurisdiction.

4. This is an action pursuant to 29 U.S.C. 501(a)(1)(B) and (a)(3) to clarify a beneficiary's rights to past and future benefits under the terms of the plan. Plaintiff seeks a declaration of right under the policy at issue which is an "employee welfare benefit plan" as defined under ERISA. Plaintiff seeks reinstatement of benefits and payment of all back benefits due and owing plus interest. Plaintiff seeks to enforce the rights afforded under the plan and to clarify all rights to future benefits under the plan pursuant to 29 U.S.C. § 1132(a). Plaintiff seeks an award of attorney's fees and costs.

## Parties

5. Plaintiff is an adult resident of Bowie, Maryland.

6. Plaintiff was a plan participant under a group benefits plan established by Foley Hoag & Eliot, Inc. (Hereinafter, "Foley Hoag") as part of her employment.

7. Foley Hoag contracted with the Prudential Insurance Company of America (Hereinafter, "Prudential") to act as the insurer for the plan.

## The Disability Contract

8. Prudential has made all of the decisions regarding plaintiff's claim for disability benefits in this case.

9. The plan promises to pay benefits if an employee is disabled.

10. Pertinent plan definitions include the following:

Your are disabled when Prudential determines that:

- you are unable to perform the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and

- you have a 20% or more loss in your **indexed monthly earnings** due to that **sickness** or **injury**.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week. Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

**Regular occupation** means the occupation you are routinely performing when you disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

### Plaintiff's Disability Claim

11.    Plaintiff suffers from fibromyalgia, chronic fatigue syndrome, vestibular disorder, pituitary tumor, among other illnesses.

12.    Plaintiff was an employee at Foley Hoag in the capacity of an associate attorney in their Washington, DC office at the time when she became disabled on January 21, 2002.

13.    Plaintiff was denied disability benefits by Prudential on August 27, 2003.

3

14. Plaintiff timely appealed her denial which was received by Prudential on December 12, 2003,

15. Prudential again denied the claim on January 8, 2004 at which time Plaintiff was offered a voluntary appeal of her denial.

16. Plaintiff timely appealed her denial with the assistance of counsel on January 24, 2004.

17. On August 27, 2004, Prudential determined that Plaintiff was eligible for long term benefits from May 24, 2003 through August 31, 2004 and denying all subsequent benefits.

18. Plaintiff timely appealed her benefits denial through counsel on February 18, 2005.

19. On July 13, 2005, Prudential denied benefits again, but on this occasion stated that the level of review was the "final" level of review in violation of its own internal guidelines.

20. The "final" denial contained new medical review reporting never presented to Plaintiff so as to prevent her ability to respond.

21. Plaintiff through counsel filed additional responsive materials including a copy an internal memorandum from Prudential stating the review guidelines for claims denials which stated that another review was available following a claim denial.

22. Prudential refused to consider the materials submitted.

23. At this point, all conditions precedent under the policy have been satisfied and the plaintiff has exhausted all administrative appeals under the plan prior to filing suit.

24. Plaintiff is entitled to these benefits under the plan since she has:

   A. Satisfied all conditions to be eligible under the plan; and

   B. Has not waived or otherwise relinquished his entitlement to these benefits.

25. Prior to appealing all claim denials, Plaintiff's counsel sent a request for documentation to both defendants which required production of the claims file in addition to all summary plan documents, governing claims manual provisions or claims handling instructions under which this claim was reviewed. These requests were made pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.*

26. Both defendants failed to produce certain documentation requested on all occasions.

## Requested Relief

27. Plaintiff requests that this court review the denial of benefits in this case and declare that she is entitled to all benefits under the policy including payment of all back benefits with interest.

24. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure these benefits pursuant to Section 502(g)(1) of ERISA.

25. Plaintiff requests penalties payable in the amount of $110/day or other amount as to be determined by this Court pursuant to 29 C.F.R. § 2560.502 - 1(g) *et seq.* as a result of the failure of defendants to produce the documents requested.

26. Any such other relief the Court may deem just and proper.

Respectfully submitted,

_____
Scott B. Elkind, Bar 43881
Elkind & Shea
801 Roeder Rd., Ste. 550
Silver Spring, MD 20910
P: (301) 495-6665
F: (301) 565-5111
Attorney for Plaintiff