IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

TRACI HUMES DUVALL

    Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

and

FOLEY HOAG & ELIOT LLP EMPLOYEE WELFARE PLAN

    Defendants.

Case No. 1:05CV02120(RJL)

---

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, The Prudential Insurance Company Of America ("Prudential") and Foley Hoag & Eliot LLP Employee Welfare Plan ("Foley Hoag Plan") (together, "the defendants") through counsel, hereby answer the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND DEFENSE

The numbered paragraphs of the Complaint are answered as follows:

1. Paragraph 1 of the Complaint sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, Defendants deny that plaintiff is entitled to relief sought therein.

2. Paragraph 2 of the Complaint sets forth both allegations of jurisdiction and legal conclusions to which no response is required. To the extent that a response is required, the

217291.1

Defendants admit only the existence of the statutory authority referred to in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint sets forth allegations regarding venue, to which no response is required. To the extent a response is required, the Defendants admit only the existence of the statutory authority referred to in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth demands for relief to which no response is required. To the extent a response is required, the Defendants deny that plaintiff is entitled to the benefits, attorney's fees, costs and other damages sought.

## Parties

5. Defendants lack sufficient information or knowledge to respond to the allegations in paragraph 5 of the Complaint and demand strict proof thereof.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

## The Disability Contract

8. Defendants state that Foley Hoag made no decisions regarding plaintiff's claims for disability. Furthermore, to the extent that Prudential relied upon the opinions of experts and others in making certain decisions regarding the plaintiff's claims of disability, defendants deny the allegations in paragraph 8 of the Complaint as phrased.

9. Defendants state that the Policy in question speaks for itself with regard to the terms and conditions under which benefits may be available. As phrased, Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants state that the Policy in question speaks for itself with regard to the terms and conditions under which benefits may be available. Defendants admit that the provisions cited in paragraph 10 are contained in the written plan materials.

217291.1

### Plaintiff's Disability Claim

11. Defendants lack sufficient information or knowledge to respond to the allegations in paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants admit that Plaintiff was employed at Foley Hoag on January 21, 2002, and deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit that plaintiff was denied disability benefits as alleged in paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff sought reconsideration of the decision to deny her claim for disability benefits. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit that Prudential reviewed plaintiff's appeal and that Prudential maintained the denial of Plaintiff's claim. Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16. Defendants admit that plaintiff again sought reconsideration of the decision to deny her claim for benefits. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants state that the record in this case speaks for itself with regard to benefits determinations. Defendants admit that Prudential advised Plaintiff that she was eligible for benefits from May 24, 2003 through August 31, 2004, and deny the remaining allegations in paragraph 17.

18. Defendants admit that plaintiff again sought reconsideration of the decision to deny her claim for benefits. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.   Defendants state that the record in this case speaks for itself with regard to benefits determinations. Defendants further admit that Prudential maintained the denial of Plaintiff's claim for benefits, and deny the remaining allegations in paragraph 19 of the Complaint.

20.   Defendants state that the record in this case speaks for itself with regard to benefits determinations. Defendants further admit that Prudential maintained the denial of Plaintiff's claim for benefits, and deny the remaining allegations in paragraph 20 of the Complaint.

21.   Defendants state that the record in this case speaks for itself with regard to benefits determinations. Defendants lack sufficient information or knowledge to respond to the allegations in paragraph 21 of the Complaint and demand strict proof thereof.

22.   Defendants deny the allegations in paragraph 22 of the Complaint.

23.   Defendants deny the allegations in paragraph 23 of the Complaint.

24.   Defendants deny the allegations in paragraph 24 of the Complaint.

25.   Defendants deny the allegations in paragraph 25 of the Complaint.

26.   Defendants deny the allegations in paragraph 26 of the Complaint.

<u>Requested Relief</u>

27.   Paragraph 27 of the Complaint does not set forth allegations against the Defendants to which a response is required. To the extent that a response is required, the Defendants deny that plaintiff is entitled to relief sought therein.

28.   Paragraph 28 of the Complaint (improperly denominated as paragraph 24) sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, Defendants deny that plaintiff is entitled to relief sought therein.

217291.1

29. Paragraph 29 of the Complaint (improperly denominated as paragraph 25) sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, Defendants deny that plaintiff is entitled to relief sought therein.

30. Paragraph 30 of the Complaint (improperly denominated as paragraph 26) sets forth a statement regarding the relief sought by plaintiff, to which no response is required. To that extent that a response is required, Defendants deny that plaintiff is entitled to relief sought therein.

Further answering the Complaint, the defendants deny each and every allegation in the Complaint not specifically admitted.

### THIRD DEFENSE

To the extent that plaintiff alleges state law based claims or seeks state law based relief, such claims and relief are preempted or otherwise barred by the provisions of the Employee Retirement Income Security Act of 1974.

### FOURTH DEFENSE

Plaintiff's claims are or may be barred by the provisions of the applicable employee welfare benefit plan or Group Insurance Contract.

### FIFTH DEFENSE

Defendants' determinations were in accordance with the discretion afforded by the employee benefit plan or Group Insurance Contract and were not arbitrary, capricious, or an abuse of discretion.

### SIXTH DEFENSE

Plaintiff's recovery, if any, is or may be subject to Defendant's' entitlement to a set-off based on amounts already paid, overpaid, or expected to be paid to plaintiff, including but not

limited to Social Security disability benefits that plaintiff may have received or continued to receive.

## SEVENTH DEFENSE

Defendants acted in good faith as to all matters and at all times relevant to this action.

## EIGHTH DEFENSE

Defendants assert that Plaintiff has or may have failed to mitigate her damages.

## NINTH DEFENSE

Defendants reserve the right to assert that all claims made in this suit are or may be barred by the doctrines of waiver, laches, estoppel, unclean hands, and payment, and may be barred by the applicable statute of limitations.

## TENTH DEFENSE

Defendants assert that the Court lacks or may lack subject matter jurisdiction over the claims as pled and personal jurisdiction over the parties.

## ELEVENTH DEFENSE

Defendants assert that the claims set forth in the Complaint are or may be barred by the doctrines of contributory negligence or assumption of the risk.

## TWELFTH DEFENSE

Defendants hereby reserve the right to assert those defense that may become known as a result of discovery or investigation of this matter.

## THIRTEENTH DEFENSE

Defendants assert that Plaintiff failed or may have failed to exhaust her administrative remedies as required under ERISA and, therefore, the claims are barred.

## FOURTEENTH DEFENSE

Defendants assert that plaintiff lacks or may lack standing to assert some or all of the claims alleged in this matter.

## FIFTEENTH DEFENSE

Defendants assert that plaintiff's claims are or may be barred by the absence of privity.

## SIXTEENTH DEFENSE

Defendants assert that Plaintiff seeks or may seek relief that is unavailable under ERISA, which provides the exclusive remedies for claims relating to ERISA plans such as the plan at issue in this case.

**WHEREFORE**, Defendants, The Prudential Insurance Company Of America and Foley Hoag & Eliot LLP Employee Welfare Plan, having fully answered the Complaint, respectfully request:

a. That the Court dismiss the Complaint with prejudice;

b. That the Court award the Defendants the costs incurred as a result of this lawsuit including reasonable attorney's fees;

c. That the Court award the Defendants such further relief as it deems just and proper.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**


_____/s/_____
Laura N. Steel, Bar No. 367174


_____/s/_____
David A. Seltzer, Bar No. 437436
1341 G Street, N.W., Suite 500
Washington, D.C. 20005
(202) 626-7660
Fax (202) 628-3606

*Counsel for Defendants, The Prudential Insurance Company of America and Automatic Data Processing, Inc. Long Term Disability Plan*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer to Plaintiffs' Complaint was filed electronically and mailed, postage prepaid, this 25th day of November, 2005, to:

> Scott B. Elkind, Esquire
> Elkind & Shea
> 801 Roeder Rd., Suite 550
> Silver Spring, MD 20910


_____/s/_____
David A. Seltzer

8